# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DEVON DRIVER,<br><br>Plaintiff,<br><br>and<br><br>STATE OF WISCONSIN DEPARTMENT OF HEALTH SERVICES, THE RAWLINGS GROUP, LLC, and WISCONSIN CASUALTY RECOVERY, HMS,<br><br>Involuntary Plaintiffs,<br><br>v.<br><br>SAM'S WEST, INC., WALMART CLAIMS SERVICES, INC., and X, Y, and Z COMPANIES,<br><br>Defendants. | Case No. 25-CV-720-JPS<br><br>**ORDER** |

On May 15, 2025, Defendants Sam's West, Inc. ("Sam's West") and Walmart Claims Services, Inc. ("Walmart Claims") (together, "Defendants")[1] removed this action from Waukesha County Circuit Court. ECF No. 1.

Plaintiff Devon Driver ("Plaintiff") brought personal injury claims against Defendants in Waukesha County Circuit Court, also naming

---

[1] Plaintiff also names X, Y, and Z Companies as defendants in this action, but because the identity of these parties is unknown and they are very possibly nominal parties in any instance, the Court does not factor them into the jurisdictional analysis in this Order.

involuntary plaintiffs State of Wisconsin Department of Health Services ("Wisconsin DHS"), The Rawlings Group, LLC ("Rawlings Group"), and Wisconsin Casualty Recovery, HMS ("Wisconsin Casualty") (together, "Involuntary Plaintiffs"). ECF No. 1-1 at 5. Specifically, Plaintiff alleges that he was injured at a Sam's Club location—owned and operated by Sam's West—while shopping, causing permanent injuries that have and will continue to require extensive medical care and costs. *Id.* at 9–10. Plaintiff further alleges that Involuntary Plaintiffs may be jointly interested with Plaintiff in recovery, as they may have paid medical claims on Plaintiff's behalf related to his injuries. *Id.* at 7–8.

In removing this action to the Eastern District of Wisconsin, Defendants' Notice of Removal (the "Notice") avers that the Court has jurisdiction pursuant to 28 U.S.C. § 1332 due to complete diversity between the parties and given the amount in controversy. ECF No. 1 at 2. For the Involuntary Plaintiffs, the Notice asserts that Wisconsin DHS is a citizen of Wisconsin, that Rawlings Group is a citizen of Kentucky, and that Wisconsin Casualty is a citizen of Texas. ECF No. 1 at 3–4. As to the Defendants, the Notice asserts that Sam's West is a citizen of Delaware and Arkansas, that Walmart Claims is a citizen of Arkansas and that its sole shareholder, Walmart, Inc., is a citizen of Delaware and Arkansas. *Id.* at 2–3. For each of these parties, the Notice bases its citizenship determinations on the businesses' state of incorporation and principal place of business. *Id.* at 2–4. The Notice is deficient in several respects, and because "the [C]ourt has an independent obligation to ensure that diversity jurisdiction exists," *Est. of Pickard v. Wis. Cent. Ltd.*, 300 F. Supp. 2d 776, 776 (W.D. Wis. 2002) (citing *Wild v. Subscription Plus, Inc.*, 292 F.3d 526 (7th Cir. 2002)), it will

order Defendants to file an amended notice of removal within 14 days of this Order.

First, the Notice fails to assert the citizenship of Plaintiff. *See generally* ECF No. 1. *See* Civ. L.R. 8 (requiring that a "notice of removal [that] asserts jurisdiction based on diversity of citizenship . . . must identify the amount in controversy and the citizenship of *each* party to the litigation" (emphasis added)). Even if the Court looks past the Notice itself to Plaintiff's complaint, the issue remains. Plaintiff's complaint mentions only that he resides in Wisconsin, ECF No. 1-1 at 7, but for purposes of diversity jurisdiction, the citizenship of natural persons turns on "domicile, not residence." *Sheneman v. Jones*, 682 F. App'x 498, 499 (7th Cir. 2017) (citing *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)). Accordingly, Defendants must amend their Notice to assert Plaintiff's *domicile*, not his residence.

Second, while the Notice purports to list the citizenships of Involuntary Plaintiffs, ECF No. 1 at 3–4, it fails to do so properly. Rawlings Group, for example, is an LLC, and "[f]or diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007) (citing *Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006)). Rather than asserting the citizenship of each of Rawlings Group's members, however, the Notice merely states where Rawlings Group is incorporated and its principal place of business. ECF No. 1 at 3–4. Further, neither the Notice nor Plaintiff's complaint specify what type of organization Wisconsin Casualty is, which prevents the Court from determining whether its citizenship has been properly alleged. *See* Civ. L.R. 8 ("If any party is a corporation, the . . . notice [of removal] must identify both the state of incorporation and the state in

which the corporation has its principal place of business. If any party is an unincorporated association, limited liability company, or partnership, the . . . notice must identify the citizenship of all members.").

Defendants seem to suggest, though they do not outright argue, that the citizenship of Involuntary Plaintiffs is irrelevant to diversity jurisdiction because they are supposedly "nominal part[ies]." ECF No. 1 at 3–4. That suggestion is incorrect. Defendants cite *Vandervest v. Wisconsin Central, Limited*, wherein the Eastern District of Wisconsin found that defendants that were added as parties due to being insurers of the plaintiffs were nominal parties because there was "no reasonable basis for predicting that [they would] be held liable." *Id.* at 4 (citing 936 F. Supp. 601, 604–05 (E.D. Wis. 1996)). The reasoning of this case has since been called into question. This is because the insurers at issue in *Vandervest* had interests that were aligned with the plaintiffs, not the defendants, and therefore the court should have "realigned" them to be considered involuntary plaintiffs for the purposes of diversity jurisdiction. *Est. of Pickard*, 300 F. Supp. 2d at 778 (citing *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 80 (1941); *Am. Motorists Ins. Co. v. Trane Co.*, 657 F.2d 146, 149 (7th Cir. 1981); and *Prudential Real Est. Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000)). Such is the case here. Plaintiff alleges that Involuntary Plaintiffs paid some or all, it is unclear, of his medical claims related to the injuries he suffered at Sam's Club. ECF No. 1 at 3–4. Accordingly, it appears that they each may have a partial subrogation interest in Plaintiff's claims against Defendants. This makes them real parties in interest, not nominal parties. *United States v. Aetna Cas. & Sur. Co.*, 338 U.S. 366, 381 (1949) ("[I]f [a subrogee] has paid only part of the loss [alleged by the plaintiff], both the [plaintiff] and the [subrogee] . . . have substantive rights against the tortfeasor which qualify

them as real parties in interest."); *see also Craig v. Maxx Orthopedics, Inc.*, No. 15-CV-294, 2016 WL 7480387, at *1 (E.D. Wis. Dec. 29, 2016) (finding that, where involuntary plaintiffs were each "an insurer who may have a claim by virtue of having been a medical insurance provider for . . . the plaintiffs," they did "not appear to be nominal parties" and thus the court needed to consider their citizenship for purposes of determining diversity jurisdiction). The Court will thus order Defendants to file an amended notice that properly asserts the citizenship of Rawlings Group and Wisconsin Casualty.

Accordingly,

**IT IS ORDERED** that Defendants Sam's West, Inc. and Walmart Claims Services, Inc. shall **FILE** an Amended Notice of Removal, within 14 days from the date of this Order, curing the deficiencies described above. Failure to timely do so will result in this case being remanded to Waukesha County Circuit Court.

Dated at Milwaukee, Wisconsin, this 23rd day of May, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge
